# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| LUIS G. ORTIZ, | : | |
| *Plaintiff,* | : | No. 3:17-cv-593 (JAM) |
| | : | |
| v. | : | |
| | : | |
| BENNETT, et al., | : | |
| *Defendants.* | : | |
| | : | |

## INITIAL REVIEW ORDER

Plaintiff Luis G. Ortiz is a prisoner at MacDougall Correctional Institution in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against four defendants in their individual and official capacities: Remedy Coordinator Bennett, Lieutenant Williams, and Correctional Officers Duchette and Vassell. Plaintiff alleges defendants used excessive force in violation of the Eighth Amendment when they forced him into too-tight handcuffs and "bounced" his head against a wall. After an initial review, the Court concludes that the complaint should be dismissed as to defendant Bennett and be served on the remaining defendants.

### BACKGROUND

The following allegations from plaintiff's complaint are accepted as true for purposes of this ruling. Plaintiff was a sentenced prisoner confined at MacDougall-Walker Correctional Institution at the time of the incident underlying the complaint. On February 16, 2016, plaintiff was speaking with his mother on the unit telephone when a recall was issued. Doc. #1 at 7. Plaintiff terminated his call and proceeded to walk from the telephone banks at the front of the

housing unit to his cell at the back of the housing unit. Plaintiff entered his cell and waited for staff to close the cell door.

Shortly after the cell door was closed, plaintiff heard defendant Duchette direct the control officer to open plaintiff's cell door. Plaintiff's cellmate was escorted to the unit's medical area, where he was handcuffed and placed face-first against the wall. Doc. #1 at 7 (¶ 36). Plaintiff was then ordered to exit his cell. Once he did, Duchette grabbed him and pushed his face against the wall. Defendant Williams pressed a can containing a chemical agent against plaintiff's face. When plaintiff questioned these actions, Williams told plaintiff he would explain when plaintiff got to restrictive housing. *Id.* at 7–8 (¶¶ 37–39).

Defendants Vassell and Duchette used Vassell's forearm to "bounce" plaintiff's face against the wall. They also twisted his wrists until plaintiff heard something "pop" in his left wrist. Plaintiff experienced severe pain and began "seeing stars." *Id.* at 8 (¶¶ 41–43). The defendants laughed at his cries of pain. Defendants then placed handcuffs on plaintiff's wrists, clamping them tight enough to cause lacerations and dripping blood. *Id.* at ¶ 44. Defendants then escorted plaintiff to restrictive housing, and, after plaintiff was strip-searched and placed in a restrictive housing cell, the handcuffs were removed. An additional, unidentified officer carrying a hand-held video camera recorded the walk to the restrictive housing unit. Shortly thereafter, Williams and Vassell photographed plaintiff's injuries to his wrist, and he was examined by Nurse Diaz. *Id.* at 8–9 (¶¶ 45–47).

About ten minutes later, Williams and his supervisor, Captain Baymon, came to plaintiff's cell. Williams said that there had been a mistake, plaintiff had done nothing wrong, and plaintiff would be released from restrictive housing and returned to his unit. No further

2

explanation of the incident has been provided to plaintiff. Following the incident, plaintiff began seeking mental health treatment for anxiety caused by the incident. He also has suffered permanent nerve damage. *Id.* at 9 (¶¶ 48–54).

Plaintiff submitted an institutional grievance regarding this incident. When he received no response he questioned defendant Bennett, the Administrative Remedies Coordinator. Defendant Bennett denied receiving the grievance. *Id.* at 5–6.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Plaintiff's allegations support a claim for use of excessive force against defendants Williams, Vassell, and Duchette. As with all Eighth Amendment claims, excessive force claims have subjective and objective components. The subjective component focuses on "the defendant's motive for his conduct"; the objective component focuses "on the conduct's effect." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). In excessive force cases, the "core judicial inquiry" is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (*per curiam*) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (internal quotation marks omitted)). The use of excessive force against a prisoner can constitute cruel and unusual punishment regardless of whether the inmate suffers serious injuries. *See Hudson*, 503 U.S. at 4; *accord Wilkins*, 559 U.S. at 34, 36.

Plaintiff alleges that Vassell and Duchette used excessive force against him by pushing him against the wall, bouncing his head against the wall, twisting his wrists and applying the handcuffs so tight that his wrists began bleeding. Williams effectively condoned this conduct while threatening plaintiff with a chemical agent. Plaintiff has sufficiently alleged actions that indicate a malicious desire to cause harm rather than a good faith effort to maintain discipline. *Wilkins*, 559 U.S. at 36. First, plaintiff alleges that defendants laughed at him when he cried out in pain. Second, defendants' alleged "bouncing" of plaintiff's head against a wall while plaintiff was already immobilized served no apparent disciplinary purpose. In the context of such

4

malicious actions, plaintiff's alleged injuries of extreme pain and lacerated wrists are adequate to state a plausible excessive force claim against Vassell, Duchette, and Williams. *See Wright*, 554 F.3d at 268–69.

Defendant Bennett does not appear to have been present during the use of excessive force. Instead, plaintiff's allegations regarding Bennett focus on his failure to comply with institutional grievance procedures. Inmates have no constitutionally protected rights to have their grievances investigated or to have grievance procedures followed. *See Cabassa v. Ostheimer*, 162 F. Supp. 3d 60, 63 (D. Conn. 2016) (collecting cases). Additionally, inmates have no constitutional entitlement to receive responses to filed grievances. *Ibid.* As plaintiff has no constitutionally protected right to effective grievance procedures or to have state procedures followed, his claim against Bennett fails and is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1) All claims against defendant Bennett are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (b)(2).

(2) **The Clerk shall** verify the current work addresses for defendants Williams, Vassell and Duchette with the Department of Correction Office of Legal Affairs. The Clerk shall then mail waiver of service of process request packets containing the Complaint to defendants at the confirmed addresses within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S.

5

Marshal Service on him or her in individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk shall** send written notice to plaintiff of the status of this action, along with a copy of this Order.

(4) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated.

Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.

It is so ordered.

Dated at New Haven, Connecticut this 8th day of August, 2017.

*/s/ Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge